KENDRA GOODMAN GLAZER

VERSUS

TODD GLAZER

    *        NO. 2023-CA-0502

    *        COURT OF APPEAL

    *        FOURTH CIRCUIT

    *        STATE OF LOUISIANA

    *

    *

\* \* \* \* \* \* \*

*DLD* **DYSART, J. CONCURS IN THE RESULT AND ASSIGNS REASONS**

I am in agreement with the result reached by the majority and offer additional reasons.

The record reflects that hearings on Respondent's motion took place on January 23 and February 10, 2023. Although no transcript was available for the January hearing, the beginning colloquy between the Court and Counsel at the February hearing reflected that Mr. Glazer was under cross-examination by counsel for respondent when the matter was recessed and continued to February 10, 2023. At that hearing, the cross-examination of Mr. Glazer was completed and counsel for Mr. Glazer deferred his direct examination until his case was presented. Ms. Goodman was then taken on direct examination, but before the cross-examination could be commenced the matter was concluded for the day and continued to a later date. Relator was unable to offer any testimony or evidence prior to the matter being recessed and reset. At this point, counsel for Respondent requested an Order forbidding contact between Relator and the children's schools. In open Court, the Trial Court issued the following order: "Mr. Glazer, I'm ordering you right now to stop communicating with the school." This was followed by a written judgment dated April 27, 2023.

Here, the order issued by the Court lacked due process, as the Relator was unable to present an iota of evidence in his defense before the matter was recessed and reset for a later date.

For these reasons, I agree that the Judgment should be vacated, set aside and the matter remanded to the Trial Court.